FILED
2021 Dec-21  PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

**SHEQUANDA LEE JENKINS,**

    Plaintiff;

**PLAINTIFF DEMANDS TRIAL
BY STRUCK JURY**

vs.

**UNIVERSITY OF NORTH ALABAMA,**
**KENNETH D. KITTS**, in his individual and official
capacity as President of the University of North Alabama;
and the **BOARD OF TRUSTEES,** in their official capacity
only, **MARTIN ABROMS, JOEL ANDERSON, II,**
**WENDELL W. GUNN, MARCUS M. MAPLES,**
**JIM M. PAGE, STEVEN F. PIERCE,**
**SIMPSON RUSSELL, NANCY G. SANFORD,**
**GARY L. SMITH, WILLIAM A. TRAPP,** and
**ANNE C. WHITAKER,**

Civil Action No:_____

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Shequanda Lee Jenkins, by and through the

undersigned attorney of record, James Irby, and for her complaint against

Defendants, states the following:

## NATURE OF THE CASE

1. This is a lawsuit brought by the Plaintiff (age 45), and who has been

affected by the discrimination alleged in the claims set forth below,

seeking permanent relief from unlawful discriminatory practices

1

involving compensation and other terms and conditions of employment in failing to remedy systemic employment pay discrimination based upon gender and age. The practices committed by the defendants, and continuing to be committed, violate Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000(e) *et seq.* ("Title VII"), on the basis of gender, and the Equal Pay Act of 1963, 29 USC § 206(d) on the basis of gender; and, (29 U. S.C. 626(e)), sometimes referred to as "Age Discrimination," based upon Plaintiff's age (45 years old).

**Plaintiff requests a trial by jury of all issues triable by a jury.**

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 USC §1331, 28 USC §1343, and 42 USC § (2000(e) *et seq.* and 29 U. S.C. 626(e)

3. The Plaintiff has fulfilled all conditions precedent, including all administrative conditions to the institution of this action under Title VII. Plaintiff filed charges of discrimination with the United States Equal Opportunity Employment Commission on or about May 27, 2021. (Attached hereto as Exhibit "A")

4. Plaintiff timely filed this action within ninety (90) days of the receipt of the notices of right to sue from the EEOC. (Attached hereto as Exhibit "B")

5. Defendants' unlawful employment practices challenged in this action occurred in Lauderdale County, Alabama. Venue is therefore proper in the Northern District of Alabama, pursuant to 28 USC § 1391(b), 42 U.S.C. §§12101 *et seq.,* 29 U.S.C. §206(d), *et seq.* and 42 U.S.C. §2000e (5).

## PARTIES

6. Plaintiff, Shequanda Lee Jenkins ("Jenkins"), is a 45-year-old, female citizen of the United States and the State of Alabama. Shequanda Jenkins is over the age of nineteen (19) years. Pursuant to AL Code §16-51-12, Plaintiff was and continues to be employed by the defendants, at all times material to this action, as a police officer. Jenkins holds an earned BS Degree in Criminal Justice with a minor in Political Science and has been continuously employed by defendants since on or about August 2006, having been previously employed by defendants from on or about 2002 – August 2005.

7. Defendant, University of North Alabama ("UNA"), is a public university located in Florence, Lauderdale County, Alabama, pursuant to AL Code

§16-51-1, and whose governing body is the University of North Alabama Board of Trustees (AL Code §16-51-3).

8. The Board of Trustees exercises authority as the governing body of UNA through the President of UNA, currently, Kenneth D. Kitts, Ph.D. and is *inter alia* responsible for the hiring and compensation of all employees.

9. Defendant, President Kenneth D. Kitts, Ph.D., is the President of UNA, having been so appointed by the Board of Trustees on or about March 30, 2015. The president has the authority to nominate, to the Board of Trustees, individuals for employment by the board including the hiring of all regular employees, specifically, in this case, individuals for employment as police officers. The President also has the authority to recommend job titles and pay scales, including changes thereto for all employees including plaintiff. The Board of Trustees and the president, separately or jointly, employee more than fifteen (15) employees, and therefore, are "employers" for Title VII purposes.

## STATEMENT OF FACTS AND CLAIMS

10. Plaintiff realleges and incorporates by reference paragraphs 1-9 with the same force and effect as fully set out in specific detail below.

11. Plaintiff avers, upon information and belief that, according to the "UNA PAYS" website, the following UNA police officers make the following approximate, salaries annually:

    a. D. B. (male)          $43,412.36

    b. G. K. (male)          $37,111.54

    c. K. R. (male)          $56,533.50

    d. L. J. (male)          $65,062.23 (UNA Police Chief)

    e. D. G. (male)          $35,268.12

    f. A. M. (male)          $47,332.27

    g. C. W. (male)          $48,595.01

    h. S. P.  (male)         $45,502.46

    i. S. S. (male)          $52,7925.83

    j. S. J. (female)        $37,111.54

    k. J. D. (female)        $24,616.47 (no longer employed by UNA)

12. Plaintiff avers, upon information and belief, that her years' experience in law enforcement are 20; and that the male UNA officers years' experience in law enforcement are all less than Plaintiff, with the exception of Sgt. Ken Richey and Chief Les Jackson, who, coincidentally attended the police academy simultaneous with Plaintiff.

13. Plaintiff avers, upon information and belief, that her job duties and responsibilities require equal skill, effort and responsibility and are performed under similar working conditions; are very similar, if not identical, and in some instances more demanding, than to those of the male UNA police officers, yet her salary is significantly less than all the comparator, male UNA police officers.

14. Plaintiff also avers that she is unaware of any merit or seniority pay scale that would justify the discrepancy in pay between Plaintiff and the male comparators.

15. Plaintiff also avers that UNA does have a pay scale, but that Plaintiff is not properly placed upon said pay scale based upon her seniority or merit; Plaintiff's pay is not lower based upon a system which measures earnings by quantity or quality of production, nor is Plaintiff aware of any differential based upon any other factor other than her sex.

16. Additionally, Plaintiff avers that she has more formal education and more law enforcement experience than many of the male comparator UNA police officers, most especially former UNA police officer, D. B.

17. Plaintiff avers, upon information and belief, that former UNA police officer D. B. was hired at an initial annual salary of more than $40,000.00, while Plaintiff, with more years' law enforcement and more

formal education than Officer D. B. and more years' employment with UNA, as of this filing, is still paid $37,111.54, annually.

18. Further, on or about May 22, 2018, Plaintiff was demoted, with accompanying reduction in pay, resulting from a disagreement she had with the then UNA Police Chief, based upon her truthful and complete testimony provided in Lauderdale County District Court.

19. Prior to said demotion and pay reduction, Plaintiff was afforded no due process.

20. As of the filing of this complaint, Plaintiff was still receiving the reduced pay that resulted from her (averred) unlawful demotion and accompanying pay reduction, all with no due process and further causing her pay to be even less than the comparator male UNA officers.

21. This pay reduction was from $18.51 per hour to $17.07 per hour, a reduction of $1.44 per hour, $57.60 per week, $2,995.20 per year, or $10,233.58 from May 22, 2018, to the approximate filing date of this complaint. This calculation does not include overtime which she was prohibited to earn as a result of her truthful testimony in Lauderdale District Court. Said loss of overtime would increase the loss of pay suffered by Plaintiff.

7

22. Plaintiff avers, upon information and belief, that, according to UNA police pay scale, her current pay should be approximately $22.00 per hour, even at the reduced, "female rate of pay."

23. Plaintiff avers, upon information and belief, that the pay calculation stated in paragraph 15, above, is approximate and calculated to Plaintiff's best knowledge and ability and does not include overtime pay loss.

24. On or about June 2020, Plaintiff applied for an open slot that would have resulted in her promotion to Sergeant. UNA did not promote Plaintiff to Sergeant, instead promoting a male UNA police officer who had less law enforcement experience and equal formal education.

25. Specifically, the successful candidate has several years less experience in law enforcement and many years less employment with UNA.

26. Again, also on or about June 2020, Plaintiff also applied for yet another, different open slot that would have resulted in her promotion to Sergeant. UNA did not promote Plaintiff to Sergeant, instead promoting another male UNA police officer who had less law enforcement experience and less formal education.

27. Plaintiff avers, upon information and belief that said acts herein alleged occurred after Plaintiff was 40 years old and while protected by The Age Discrimination in Employment Act of 1967; 29 USC 621, *et seq.* and, as

a female, The Equal Pay Act, 29 U.S.C. §206(d), *et seq.*, and Title VII of the Civil Rights Act of 1964.

28. Plaintiff avers that, upon information and belief, but for two UNA Officers, she is the oldest member of the UNA police force.

## VIOLATIONS OF LAW

## 29 U.S.C. §206(d)

## EQUAL PAY ACT OF 1963

29. Plaintiff restates, readopts and realleges paragraphs 1-28, as if fully setout herein and made a part hereof.

30. Pursuant to The Equal Pay Act, 29 U.S.C. §206(d), *et seq.* (The Act), Plaintiff has been caused to suffer harm and damages as herein stated.

31. Plaintiff is an Alabama Peace Officer' Standards and Training ("APOST") certified Police Officer, as are her male comparators; Plaintiff works out of and in the same establishment as defined in the Act; Plaintiff is a patrol officer as are many of her comparators; Plaintiff takes emergency calls and non-emergency calls as do her male comparators; Plaintiff works 84 hours in each two week pay period as do her male comparators; Plaintiff is exposed to the same community/policing dangers as are all her male comparators; when called

9

upon to assist Florence Police Officers, Plaintiff responds, as do her male comparators.

32. Plaintiff's job requires equal skill, effort and responsibility under substantially equal working conditions as her male comparators.

33. However, above and beyond what her male comparators are assigned to do, Plaintiff is the only UNA Police Officer assigned to community outreach. As such, Plaintiff is the only UNA Police Officer tasked with setting up programs (such as self-defense and food drives) and acting as a liaison to other agencies both on and off campus.

34. As a direct and proximate result of Plaintiff being paid significantly less than male UNA police officers (even though Plaintiff's job requires equal skill, effort and responsibility and are performed under similar, if not absolutely, equal working conditions), Plaintiff has been caused to suffer discrimination based upon her sex, has suffered financial harm, loss of wages and loss of overtime wages.

35. Plaintiff avers, upon information and belief, that the discriminatory acts herein averred were willful extending the statute of limitations to three years.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays for:

a. Award the Job Title of Sergeant and back pay to the time Plaintiff first applied for Sergeant and was improperly denied;

b. All back pay and/or unpaid compensation and remuneration for the past three (3) years prior to the initial EEOC filing;

c. Prejudgment and any other appropriate interest;

d. Attorneys' fees and costs;

e. Compensatory damages for loss of wages, loss of benefits, including but not limited to retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future punitive damages;

f. Injunctive Relief;

g. Liquidated Damages;

h. Compensatory damages;

i. Punitive damages;

j. An amount sufficient to pay any and all taxes due upon any such awarded damages;

k. All of the above as determined by the trier of fact;

l. An Order ordering Defendant and their employees and agents to never retaliate against Plaintiff; and

m. Any other, further, different, including general relief to which Plaintiff

shows herself entitled.

## 42 U.S.C. §2000e

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Plaintiff restates, readopts and realleges paragraphs 1-28, as if fully

setout herein and made a part hereof.

37. Pursuant to TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 *et seq.*

(The Act), Plaintiff has been caused to suffer harm and damages as

herein stated.

38. Defendant UNA, the employer, employs more than 15 employees for

each working day in 20 or more calendar weeks in the years

encompassing and preceding the filing of this complaint, and during the

time the events complained of occurred.

39. Defendant employer UNA is not a private membership club.

40. Defendant employer UNA engages in commerce as the same is defined

in The Act by engaging in trade, traffic, commerce, transportation,

transmission, or communication among several States; or between a State

and any place outside thereof.

41. While so engaged, Defendant UNA intentionally, and or negligently, and

or wantonly engaged in the actions herein averred, alleged and stated

against Plaintiff, causing Plaintiff to suffer harm and damages as herein stated.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays for:

a. Awarded the Job Title of Sergeant and back pay to the time Plaintiff first applied for Sergeant and was improperly denied;

b. All back pay and/or unpaid compensation and remuneration for the past three (3) years;

c. Prejudgment and any other appropriate interest;

d. Attorneys' fees and costs;

e. Compensatory damages for loss of wages, loss of benefits, including but not limited to retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future punitive damages;

f. Injunctive Relief;

g. Liquidated Damages;

h. Compensatory damages;

i. Punitive damages;

j. An amount sufficient to pay any and all taxes due upon any such awarded damages;

k.  All of the above as determined by the trier of fact;

l.  An order ordering Defendant and their eight employees and agents to never retaliate against Plaintiff; and

m.  Any other, further, different, including general relief to which Plaintiff shows herself entitled.

## 29 U.S.C. 621

## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

42. Plaintiff restates, readopts and realleges paragraphs 1-28, as if fully setout herein and made a part hereof.

43. The actions of Defendant UNA herein stated and averred were committed and continue to be committed after Plaintiff attained the age of 40.

44. Plaintiff suffered demotion, loss of pay, on two near simultaneous occasions, failure to be promoted despite superior law enforcement experience and equal or superior formal education than the male comparators who were promoted ahead of her, diminution and reduction of pay all while after attaining the age of 40 while employed by Defendant UNA.

45. Hence, Plaintiff has been classified in a way which worked to deprive and tended to deprive her of employment opportunities and otherwise

adversely affected her status as an employee for unconstitutional reasons as herein stated, including but not limited to her age and not based upon any seniority or merit system.

46. As a direct and proximate result of Plaintiff being paid significantly less than male UNA police officers (even though Plaintiff's job requires equal skill, effort and responsibility and are performed under similar, if not absolutely, equal working conditions), partly based upon her age, Plaintiff has been caused to suffer discrimination based upon her age and as otherwise herein stated, has suffered financial harm, loss of wages and loss of overtime wages, loss of future earnings, retirement contributions and interest.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays for:

a. Awarded the Job Title of Sergeant and back pay to the time Plaintiff first applied for Sergeant and was improperly denied;

b. All back pay and/or unpaid compensation and remuneration for the past three (3) years;

c. Prejudgment and any other appropriate interest;

d. Attorneys' fees and costs;

e.  Compensatory damages for loss of wages, loss of benefits, including but not limited to retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future punitive damages;

f.  Injunctive Relief;

g.  Liquidated Damages;

h.  Compensatory damages;

i.  Punitive damages;

j.  An amount sufficient to pay any and all taxes due upon any such awarded damages;

k.  All of the above as determined by the trier of fact;

l.  An order ordering Defendant and their eight employees and agents to never retaliate against Plaintiff; and

m.  Any other, further, different, including general relief to which Plaintiff shows herself entitled.

## UNLAWFUL TAKING WITHOUT DUE PROCESS PURSUANT TO

## FIFTH AMENDMENT AND FOURTEENTH AMENDEMENT

47. Plaintiff restates, readopts and realleges paragraphs 1-28, as if fully setout herein and made a part hereof.

48. Plaintiff avers and claims that she is protected by the due process clause of the Fifth Amendment to the United States Constitution made applicable to the various states through the Fourteenth Amendment to the United States Constitution and by the due process clause of the Fourteenth Amendment to the United States Constitution.

49. Pursuant to the actions of Defendant as set out in paragraphs 12-28, Plaintiff has been caused to suffer harm and damages as herein stated.

50. More specifically, Plaintiff avers and alleges that, based purely upon her truthful and complete testimony given in Lauderdale District Court, on or about June 18, 2018, her pay was unilaterally and arbitrarily reduced by the then UNA Police Chief, Dr. Kevin Gillilan; she was simultaneously demoted, all without due process of law in violation of the due process clause of the Fifth Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution.

51. Plaintiff was coerced to accept this demotion and pay decrease with the threat of termination of her employment by the then UNA Police Chief.

52. These allegedly discriminatory and therefore unlawful actions by the then UNA Police Chief were approved by administrators in the UNA Human Resources Department.

53. Plaintiff avers upon information and belief, that, to date, Plaintiff's salary has not been reinstated to the amount and level required in the UNA pay scale for UNA Police officers.

54. Due to the actions of Defendant and/or Defendant's agent, the then police chief Kevin Gillilan, Plaintiff has suffered a loss of pay in the approximate amount to be determined by the trier of fact from the date of the purported demotion to the execution of this complaint.

55. As a direct and proximate result of Plaintiff being demoted and subsequently suffering reduction and diminution in pay, being denied overtime (all without due process of law and while under threat of termination; being paid significantly less than male UNA police officers (even though Plaintiff's job requires equal skill, effort and responsibility and are performed under similar, if not absolutely, equal working conditions)), partly based upon her sex and her age, Plaintiff has been caused to suffer discrimination based upon the averred unlawful taking

without due process, her age and her sex and as otherwise herein stated, has suffered financial harm, loss of wages and loss of overtime wages, loss of future earnings, loss of retirement contributions, and loss of interest.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays for:

a. Awarded the Job Title of Sergeant and back pay to the time Plaintiff first applied for Sergeant and was improperly denied;

b. All back pay and/or unpaid compensation and remuneration for the past three (3) years;

c. Prejudgment and any other appropriate interest;

d. Attorneys' fees and costs;

e. Compensatory damages for loss of wages, loss of benefits, including but not limited to retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future punitive damages;

f. Injunctive Relief;

g. Liquidated Damages;

h. Compensatory damages;

i. Punitive damages;

j.  An amount sufficient to pay any and all taxes due upon any such awarded damages;

k.  All of the above as determined by the trier of fact;

l.  An order ordering Defendant and their eight employees and agents to never retaliate against Plaintiff; and

m. Any other, further, different, including general relief to which Plaintiff shows herself entitled.

## PETITION FOR INJUNCTIVE RELIEF

56. Plaintiff restates, readopts and realleges paragraphs 1-28, as if fully setout herein and made a part hereof.

57. Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff petitions this honorable Court for a Preliminary Injunction enjoining Defendant UNA from continuing to pay Plaintiff at the (averred) improper and lower amount of pay and at the lower rank than that to which she is entitled and Ordering Defendant UNA to immediately begin paying Plaintiff at the rank and pay rate to which she is entitled.

58. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff petitions this honorable Court for a Temporary Restraining Order, restraining Defendant UNA from continuing to pay Plaintiff at the

(averred) improper and lower amount of pay and at the lower rank than that to which she is entitled and Ordering Defendant UNA to immediately begin paying Plaintiff at the rank and pay rate to which she is entitled.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays for:

a. Awarded the Job Title of Sergeant and back pay to the time Plaintiff first applied for Sergeant and was improperly denied;

b. All back pay and/or unpaid compensation and remuneration for the past three (3) years;

c. Prejudgment and any other appropriate interest;

d. Attorneys' fees and costs;

e. Compensatory damages for loss of wages, loss of benefits, including but not limited to retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future punitive damages;

f. Injunctive Relief;

g. Liquidated Damages;

h. Compensatory damages;

i. Punitive damages;

j.  An amount sufficient to pay any and all taxes due upon any such awarded damages;

k.  All of the above as determined by the trier of fact;

l.  An order ordering Defendant and their employees and agents to never retaliate against Plaintiff; and

m. Any other, further, different, including general relief to which Plaintiff shows herself entitled.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Respectfully submitted this the 20th day of December, 2021.

/s/JAMES IRBY
James Irby (IRB008)
Attorney for Plaintiff
120 East Tennessee Street
Florence, AL 35630
(256) 766-7778
james@jamesirby.com

Plaintiff will serve defendants via private process server.

EEOC Form 5 (10/17)

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

| | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>Ms. Shequanda L. Jenkins | Home Phone *(incl. Area Code)*<br>(256) 366-0949 | Year of Birth<br>1976 |
|---|---|---|

Street Address   City, State and ZIP Code
131 Dowdy Drive Florence AL 35634

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>University of North Alabama | No. Employees, Members<br>500+ | Phone No. (Incl. Area Code)<br>(256) 765-4100 |
|---|---|---|

Street Address   City, State and ZIP Code
One Harrison Plaza Box 5043, Florence AL 35632

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|

Street Address   City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

| 5-27-21 | Shequanda Jenkins |
|---|---|
| Date | Charging Party Signature |

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

**EXHIBIT**
**A**

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Shequanda Jenkins<br>131 Dowdy Drive<br>Florence, AL 35634 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2021-01960 | TONIKO D. NOLAND,<br>Investigator | (205) 651-7051 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

For **MICHAEL COCHRAN**   Digitally signed by MICHAEL COCHRAN
Date: 2021.09.22 13:35:57 -05'00'

Enclosures(s)

**BRADLEY A. ANDERSON,**
**District Director**                                    (Date Issued)

cc:  **UNIVERSITY OF NORTH ALABAMA**
c/o Amber Fite-Morgan
**General Counsel**
**1 HARRISON PLZ**
Una Box 5169
Florence, AL 35632

Jessica Isbell
**JAMES IRBY, P.C.**
**120 East Tennessee Street**
Florence, AL 35630

